## Hay's Appeal.

1. Section 48 of the Act of March 29th 1832, does not prevent conversion of a wife's real estate into personalty by an Orphans' Court sale, but restricts the husband's interest in the proceeds, and determines to whom the purchase-money shall belong subject to his interest.

2. The proceeds of such sale are to be distributed to the same persons and in the same proportions as the land would have been had the wife died seised.

3. It is not a regulation of the time of permitted enjoyment, but a designation of distributees.

4. A decedent died seised of real estate, which was sold under Orphans' Court partition. The wife died leaving her husband and three children, two of whom died intestate. *Held*, that their shares in the fund were personalty, and passed to their father. The wife's share vested in her children at her death, but the time of enjoyment was postponed till the death of the husband.

5. The act extended no further than to regulate the first descent; after it vested in the heirs it was no longer real estate for any purpose.

Appeal of John G. Hay and William G. Hay, guardians of the minor children of George G. Hay, deceased, from the decree of the Orphans' Court of *Somerset county*, distributing the estate of Elizabeth Hay, deceased, in the hands of the administrators, &c., of George G. Hay, deceased, who was administrator, &c., of said Elizabeth.

Peter Wingert died seised of real estate, leaving several children, one of whom, Elizabeth, married George G. Hay. By proceedings in partition, Wingert's real estate was sold, and Elizabeth's share of the purchase-money was paid to her husband. She died, leaving to survive her, her husband and three children. He took out administration on her estate. Two of the children died intestate, leaving their father and the other child, now Martha Mason, surviving. The father afterwards married, had four other children, and died. His administrator settled his account as administrator of his wife, and charged him with his wife's share of her father's estate received by him. The auditor distributed the fund as personalty, one-third to Martha, and divided the remaining two-thirds amongst Martha and the other four children. Martha claimed to have the whole, on the ground that the fund upon the death of the other children came to her as real estate, subject to the curtesy of her father. On exceptions by her to the auditor's report, the Orphans' Court so held, and decreed the whole to be paid to her. This was the error assigned.

*V. Hay*, for appellants, cited Grider *v.* McClay, 11 S. & R. 224; Act of April 19th 1794, § 20; Dyer *v.* Cornell, 4 Barr 359; Pennell's Appeal, 8 Harris 515; Act of March 29th 1832, § 48, Pamph. L. 205; Act of April 8th 1833, § 15, Pamph. L. 316.

*S. Gaither*, for appellees. — Dyer. *v.* Cornell, 4 Barr 359;

2 P. F. Smith—29

Act of March 29th 1832, § 48 ; Beyer *v.* Reesor, 5 W. & S. 501 ;
Act of April 8th 1833, § 9, Pamph. L.; Roberts's Appeal, 3
Wright 417 ; Maffit *v.* Clark, 6 W. & S. 258.

The opinion of the court was delivered, June 1st 1866, by

STRONG, J.—The fund for distribution consists entirely of the
proceeds of sale of the real estate which descended to Mrs. Eliza-
beth Hay, from her deceased father.    Under proceedings in
Orphans' Court partition the lands had been sold, and Mrs. Hay's
share of the price had been received by her husband.    The
48th section of the Act of Assembly of March 29th 1832
declares that, " when upon any proceedings in the Orphans'
Court, a sum of money shall be awarded by the court for the
share or portion to which a married woman may be entitled, such
money shall not be paid to her husband, until he shall have given
security to the satisfaction of the court that the amount thereof, or
so much thereof as the court shall deem proper, be paid after his
death to his wife, or if she shall not survive him, to her heirs, as
if the same were real estate ; or if the husband shall be unable,
or refuse to give security as aforesaid, the same may be vested
in trustees to be approved by the court, for the same purposes,
but reserving to the husband the interest thereof during his life,
unless the husband shall desire the same to be settled for the
separate use of the wife."    The effect of this provision is not to
prevent a conversion of a wife's real estate into personalty by
an Orphans' Court sale, but to restrict the husband's interest in
the proceeds of such sales, and to determine to whom the purchase-
money shall belong, subject to the husband's life interest.    They
are to be distributed to the same persons, and in the same propor-
tions as the land would have been had it remained unsold, and the
wife had died seised thereof.    If the wife die before her husband,
as was the fact in the present case, the money is to be distri-
buted *to her heirs, as if the same were real estate.*    This is not
a regulation of the time of permitted enjoyment, but a designa-
tion of distributees.    During the life of the wife, the ownership
is vested in her, subject to her husband's title to the usufruct.    At
her death the ownership descends to her heirs, who would have
inherited the land itself had it remained unsold.    But who are
her heirs ?    They are those upon whom the law casts the inherit-
ance at the death of the ancestor.    In the present case they were
the three children of Mrs. Elizabeth Hay.    To them the land
would have descended had there been no Orphans' Court sale, and
in them the right to the price of the land therefore vested, on the
death of their mother.    The court below fell into error in holding
that it went exclusively to those who happened to be heirs living
at the termination of the husband's life interest.    The act does
not direct that the money shall be paid to the heirs of the wife

[Hay's Appeal.]

surviving her husband,—such a direction would be inconsistent with its descent as real estate through the wife, or with a payment to the heirs of the wife as if it were realty. We think, therefore, that on the death of Mrs. Hay the right to the money became vested in Martha, Elizabeth and Hanson Hay, her three children, though the time of enjoyment was postponed until the death of their father. Two of these having died in the lifetime of their father, in their minority and without issue, their shares descended to their father. For it descended as personalty, which it actually was. The provision in the Act of Assembly extended no farther than to regulate the first descent, and prevent the fund from passing directly from the wife to the husband. After it had vested in the heirs, it was no longer real estate for any purpose, and on their subsequent death it went to their personal representatives, and through them to their father. Such is the rule asserted in Pennell's Appeal, 8 Harris 515, and in Dyer v. Cornell, 4 Barr 359. It follows that the court erred in reversing the schedule of distribution reported by the auditor.

> The decree of the Orphans' Court is reversed so far as it directs a change in the report of the auditor, and the report of the auditor is confirmed. It is also ordered and decreed that the costs of this appeal be paid by the appellees.